Filed 10/23/25  P. v. Rogers CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C101728 |
| Plaintiff and Respondent, | (Super. Ct. No. 00F00619) |
| v. | |
| MICHAEL ANDRE ROGERS, | |
| Defendant and Appellant. | |

In 2000, defendant Michael Andre Rogers pled no contest to murder (count one) and burglary (count two).  He also admitted he personally used a deadly or dangerous weapon in the commission of the murder.  (Pen. Code, § 12022, subd. (b)(1).)[1]  He pled no contest and not guilty by reason of insanity to assault with intent to commit rape (count three), burglary (count four), and arson of an inhabited structure or property (count

---

[1]  Undesignated statutory references are to the Penal Code.

1

five). Defendant committed these offenses when he was 15 years old. Pursuant to his plea agreement, defendant was sentenced to an aggregate term of 32 years to life in prison on counts one and two. The sentence was to be served consecutive to a maximum term of 10 years eight months in the state hospital, which was imposed on counts three, four, and five.

Defendant's sentence of 32 years to life was suspended during his time in the state hospital. The suspension was lifted on April 7, 2010, as the result of him having reached his maximum commitment date without restoration of sanity.

In 2023, defendant filed a petition for recall and resentencing pursuant to section 1170, subdivision (d)(1), which permits defendants who were under 18 years old when they committed their crimes and who were sentenced to life without the possibility of parole (LWOP) to petition for recall and resentencing after 15 years of incarceration. Defendant's petition was based on *People v. Heard* (2022) 83 Cal.App.5th 608, 612 (*Heard*) which held that "denying juvenile offenders, who were sentenced to the *functional equivalent* of life without parole, the opportunity to petition for resentencing violates the guarantee of equal protection." (Italics added.) In June 2024, the superior court denied defendant's petition on the basis that his sentence was not the "functional equivalent of LWOP," and defendant filed this appeal. On appeal, defendant argues the superior court abused its discretion by misapplying the applicable law in reaching this conclusion. We affirm the court's order.

## I. BACKGROUND

Our Supreme Court has employed the description " 'functional equivalent of a life without parole sentence' " "in the context of identifying the category of juvenile offenders to whom the Eighth Amendment limitations on life without parole sentences apply." (*People v. Hardin* (2024) 15 Cal.5th 834, 863.) The court has "not held that a lengthy term-of-years sentence is necessarily equivalent to a life without parole sentence for all purposes." (*Ibid*.) Courts of Appeal are currently split on this question in the

2

context of a petition under section 1170, subdivision (d)(1). (See *People v. Baldwin* (2025) 113 Cal.App.5th 978, 984 (*Baldwin*) [describing split of authority].) Understanding defendant's claims requires a brief overview of Eighth Amendment case law regarding sentences that are the functional equivalent of LWOP and their relationship to the statutes at issue in this proceeding.

In *Graham v. Florida* (2010) 560 U.S. 48 (*Graham*), the United States Supreme Court held that the Eighth Amendment prohibits life without parole sentences for juvenile offenders who did not commit homicide. (*Id*. at p. 82.) In *Miller v. Alabama* (2012) 567 U.S. 460 (*Miller*), the United States Supreme Court held that the Eighth Amendment also forbids mandatory life without parole sentences for juvenile offenders who did commit homicide. (*Id*. at p. 465.)

"Senate Bill No. 9 (2011-2012 Reg. Sess.), the measure that added [former] subdivision (d)(2) [now subdivision (d)(1)] to section 1170, was introduced in the Legislature after *Graham*, but before *Miller*" and like these authorities "was inspired by concerns regarding sentences of life without parole for juvenile offenders." (*In re Kirchner* (2017) 2 Cal.5th 1040, 1049.)

Under section 1170, subdivision (d)(1), "[w]hen a defendant who was under 18 years of age at the time of the commission of the offense for which the defendant was sentenced to imprisonment for life without the possibility of parole has been incarcerated for at least 15 years, the defendant may submit to the sentencing court a petition for recall and resentencing."[2] (§ 1170, subd. (d)(1)(A).)

---

[2] The petition must include "the defendant's statement describing their remorse and work towards rehabilitation, and the defendant's statement that one of the following is true:

"(A) The defendant was convicted pursuant to felony murder or aiding and abetting murder provisions of law.

3

"Not long after the high court issued its decision in *Miller*, [our Supreme C]ourt clarified in *People v. Caballero* (2012) 55 Cal.4th 262, 268 (*Caballero*) that *Graham*'s prohibition on life without parole sentences for juvenile nonhomicide offenders applies to a term-of-years sentence that is 'the functional equivalent of a life without parole sentence'—there, a sentence of 110 years. [Citation.] Without dictating 'a precise timeframe' for holding parole hearings for juvenile offenders who had received actual or de facto life sentences for nonhomicide crimes, [our Supreme C]ourt explained that, under *Graham*, 'a state must provide a juvenile offender "with some realistic opportunity to obtain release" from prison during his or her expected lifetime.' [Citations.] [¶] The Legislature enacted section 3051 to bring California juvenile sentencing law into line with *Graham*, *Miller*, and *Caballero*." (*People v. Hardin, supra*, 15 Cal.5th at pp. 844-845.)

Section 3051 requires the Board of Parole Hearings to conduct a "youth offender parole hearing" during the 15th, 20th, or 25th year of a juvenile offender's incarceration

---

"(B) The defendant does not have juvenile felony adjudications for assault or other felony crimes with a significant potential for personal harm to victims prior to the offense for which the sentence is being considered for recall.

"(C) The defendant committed the offense with at least one adult codefendant.

"(D) The defendant has performed acts that tend to indicate rehabilitation or the potential for rehabilitation, including, but not limited to, availing themselves of rehabilitative, educational, or vocational programs, if those programs have been available at their classification level and facility, using self-study for self-improvement, or showing evidence of remorse." (§ 1170, subd. (d)(2).)

"If the court finds by a preponderance of the evidence that one or more of the statements specified in subparagraphs (A) to (D), inclusive, of paragraph (2) is true, the court shall recall the sentence and commitment previously ordered and hold a hearing to resentence the defendant in the same manner as if the defendant had not previously been sentenced, provided that the new sentence, if any, is not greater than the initial sentence." (§ 1170, subd. (d)(5).)

unless the offender is disqualified from its provisions.  (See § 3051, subd. (h).)  In *People v. Franklin* (2016) 63 Cal.4th 261 (*Franklin*), our Supreme Court held that an Eighth Amendment challenge to a juvenile offender's 50-year-to-life sentence had been rendered moot by section 3051.  (*Id*. at pp. 268, 286.)  The court held that "section 3051 has changed the manner in which the juvenile offender's original sentence operates by capping the number of years that he or she may be imprisoned before becoming eligible for release on parole."  (*Id.* at p. 278.)  In particular, "[b]y operation of law, [defendant]'s sentence is not functionally equivalent to LWOP."  (*Id*. at p. 286.)

In *People v. Contreras* (2018) 4 Cal.5th 349 (*Contreras*), our Supreme Court addressed an Eighth Amendment challenge to similar sentences by juvenile offenders who were *not* eligible for youthful offender parole hearings under section 3051.  (*Contreras, supra*, at p. 359.)  Our Supreme Court held that sentences of 50 years to life and 58 years to life imposed on two juvenile nonhomicide offenders violated the Eighth Amendment and were "functionally equivalent to LWOP."  (*Id*. at pp. 356, 369.)  The defendants would have been 66 and 74 years old, respectively, when first eligible for parole.  (*Id*. at p. 360.)  The majority acknowledged it did not decide "what length of sentence below 50 years will satisfy *Graham*."  (*Id.* at p. 381.)  It did, however, reject an approach based on life expectancy and state that "any line-drawing must depend on a considered judgment as to whether the parole eligibility date of a lengthy sentence offers a juvenile offender a realistic hope of release and a genuine opportunity to reintegrate into society."  (*Id*. at p. 373.)

In denying defendant's petition, the superior court assumed that the sentences at issue in *Contreras* set the threshold for establishing a right to relief under section 1170, subdivision (d)(1):  "[T]he question is whether this Court is going to draw the line lower than any previous court has with the additional wrinkle that the facts of this case had a unique sentencing structure.  The Court will analyze the sentence at the time that it was given, and at the time it was given, the range was 32 to life to 42 years and eight months

5

to life.  [¶]  The reality is, [defendant] spent way more time at the state hospital.  That puts him a little bit closer to where the threshold is in the 50 years to life and 58 years to life, but he didn't have to.  Under the way that the sentence was structured, he could have been rehabilitated in a year.  And then the question for the Court is the gray area between that 32 and 42 [years] 8 [months], does that trigger a functional equivalent of LWOP at the time the sentence is given?  And the Court finds that it does not.  I do not find that [defendant]'s sentence was the functional equivalent of LWOP."

## II.  DISCUSSION

Defendant argues the court abused its discretion in denying his petition because he is serving a sentence of 42 years eight months to life that is a de facto LWOP sentence and the functional equivalent of LWOP under *Heard, supra*, 83 Cal.App.5th 608.  The defendant in *Heard* was serving a sentence of 23 years plus 80 years to life.  (*Id.* at p. 612.)  The *Heard* court explained "section 1170, subdivision (d)(1)(A), limits eligibility to petition for recall and resentencing to juvenile offenders sentenced to an explicitly designated life without parole term."  (*Id.* at p. 626.)  Nonetheless, the court held Heard's sentence "constitutes a de facto life without parole sentence" and there was no rational basis for making juvenile offenders sentenced to explicit terms of life without parole eligible for resentencing "while denying the same opportunity to juvenile offenders sentenced to terms that amount to the functional equivalent of life without parole."  (*Id.* at pp. 628, 631.)

In his petition, defendant acknowledged that he was parole eligible; he has already had a youthful offender parole hearing under section 3051.  Defendant argues the opportunity for youthful offender parole hearings does not defeat his petition because, under *Heard*, we must look to the sentence at the time it was imposed.  (See *Heard, supra*, 83 Cal.App.5th at p. 629.)  A different panel of this court recently concluded that "eligibility for relief depends on the sentence that is in effect at the time the petition is filed" and the availability of a youth offender parole hearing renders a juvenile offender

6

ineligible for recall and resentencing under section 1170, subdivision (d). (*People v. Isayev* (2025) 113 Cal.App.5th 1117, 1143-1144; see also *People v. Ortega* (2025) 111 Cal.App.5th 1252, 1256, review granted Sept. 17, 2025, S292070 [by operation of law original sentence of 25 years to life plus 17 years is not functional equivalent of LWOP under *Franklin*].) Defendant's contention that we look to the sentence at the time it was imposed, if correct, proves too much. Defendant was sentenced to 32 years to life in state prison. As the trial court noted, defendant was also committed to a *maximum* term of 10 years eight months in the state hospital. He offers no argument or authority as to why, for purposes of analyzing an equal protection claim or otherwise, we can treat his sentence the same as a 42 year eight-month-to-life prison sentence.

"The Courts of Appeal are presently split on whether *Contreras*'s Eighth Amendment formulation of functional equivalency applies to equal protection challenges to section 1170[, subdivision ](d) based on *Heard*, and whether a sentence of 50 years to life for homicide crimes constitutes the functional equivalent of LWOP in that context." (*Baldwin, supra*, 113 Cal.App.5th at p. 984; see *People v. Thompson* (2025) 112 Cal.App.5th 1058, 1062, review granted Sept. 24, 2025, S292540 [affirming denial of section 1170, subdivision (d)(1) petition for defendant sentenced to 50 years to life for homicide he committed at the age of 17]; *People v. Cabrera* (2025) 111 Cal.App.5th 650, 652 [reversing denial of petition based on conclusion that sentence of 50 years to life was functional equivalent of LWOP]; *People v. Munoz* (2025) 110 Cal.App.5th 499, 502-503, review granted June 25, 2025, S290828 (*Munoz*) [affirming denial of petition based on conclusion that sentence of 50 years to life was not the functional equivalent of LWOP].)

"Having granted review in *Munoz*, our Supreme Court is poised to address whether a juvenile homicide offender sentenced to 50 years to life in prison is entitled to recall and resentencing under section 1170[, subdivision ](d)(1) on the ground that the sentence is the functional equivalent of LWOP." (*Baldwin, supra*, 113 Cal.App.5th at p. 985.)

In the meantime, even assuming for purposes of this appeal that juvenile offenders who are sentenced to the functional equivalent of LWOP for Eighth Amendment purposes are entitled to relief under section 1170, subdivision (d)(1), and putting aside that defendant had a parole hearing in 2024, his sentence is distinguishable from the sentences imposed in the authorities concluding a defendant was entitled to petition for relief under section 1170, subdivision (d)(1) as a matter of equal protection. (See *People v. Olmos* (2025) 109 Cal.App.5th 580, 583 [distinguishing authorities and concluding 33-years-to-life sentence was not functional equivalent of LWOP].) Those authorities all involved longer sentences than the one at issue here. (See *People v. Cabrera, supra*, 111 Cal.App.5th at p. 652 [50 years to life]; *People v. Bagsby* (2024) 106 Cal.App.5th 1040, 1046 [107 years to life]; *People v. Sorto* (2024) 104 Cal.App.5th 435, 440 [determinate term of 10 years plus an indeterminate term of 130 years to life].) This is critical because the shorter the sentence, the weaker the equal protection claim becomes. (See *Baldwin, supra*, 113 Cal.App.5th at pp. 1005-1006 ["Determining what term-of-years sentence will result in the juvenile's certain death in prison and, thus, becomes rationally indistinguishable from a term of LWOP in light of the Legislature's purposes in enacting section 1170[, subdivision ](d), becomes even more difficult where a sentence extends beyond 50 years"].) Additionally, the shorter the sentence, the weaker the defendant's reliance on the Eighth Amendment concept of the functional equivalent of LWOP becomes. In *Contreras*, our Supreme Court noted that some other states had concluded parole eligibility at or around age 60 passes muster under the Eighth Amendment, but one state had invalided at a 45-year sentence for a 16-year-old nonhomicide offender. (*Contreras, supra,* 4 Cal.5th at p. 377.) In other words, even if we import the notions of what is functionally equivalent to LWOP for purposes of the Eighth Amendment into the present case, defendant has failed to demonstrate the trial court abused its discretion or misapplied the law in concluding defendant was not sentenced to the functional equivalent of LWOP. (*Olmos, supra*, at p. 583.) There is simply insufficient authority for

us to conclude that a maximum commitment of 10 years eight months plus a 32-year-to-life sentence for an offense committed by a 15 year old rises to this level as a matter of law.

### III.  DISPOSITION

The order denying defendant's section 1170, subdivision (d)(1) petition is affirmed.

/S/

_____
RENNER, J.


We concur:


/S/

_____
ROBIE, Acting P. J.


/S/

_____
WISEMAN, J.*

_____

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

9